```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

STEPHEN MARSHALL GABARICK, AND            *     CIVIL ACTION
BERNARD ATTRIDGE ON BEHALF OF             *
THEMSELVES AND ALL OTHERS                 *
SIMILARLY SITUATED                        *
                                          *     NO. 08-4007
VERSUS                                    *     c/w 08-4156;
                                          *  08-4023; 08-4025;
LAURIN MARITIME (AMERICA) INC.;           *  08-4031; 08-4046;
WHITEFIN SHIPPING CO. LIMITED;            *  08-4055; 08-4058;
D.R.D. TOWING COMPANY, LLC;               *  08-4059; 08-4060;
AMERICAN COMMERCIAL LINES, INC;           *  08-4012; 08-4261;
AND THE NEW ORLEANS-BATON ROUGE           *  08-4317; 08-4505
STEAMSHIP PILOTS ASSOCIATION              *  08-4600; 08-4701
                                          *
                                          *     SECTION "B"(4)
```

ORDER AND REASONS

Before the Court is Movant Tintomara interests' ("Tintomara") Motion to Enforce Stay, Consolidate, and Re-urging Intervention seeking consolidation of Civil Action No. 09-4466 with the instant action, a stay of the proceedings therein until resolution of the instant action, and permissive intervention in that action. (Rec. Doc. No. 1056). For the reasons articulated below,

**IT IS ORDERED** that the motion be **GRANTED IN PART** to the extent that Civil Action No. 09-4466 is hereby consolidated with the instant action and the proceedings therein are stayed pending resolution of related issues currently pending in the instant action and **DENIED IN PART** to the extent that Tintomara seeks permissive intervention without prejudice to reurge following the lift of the stay on the consolidated declaratory judgment action.

1

I. Facts of Case

The majority of facts of the instant case are well known to both the Court and the parties and for the sake of brevity, need not here be repeated. The instant motion seeks a stay of Civil Action Number 09-4466, *American Commercial Lines LLC v. DRD Towing Company, L.L.C.* filed June 22, 2009, three hundred sixty four days after the complaint was filed in the instant action. The instant motion also seeks to have Civil Action No. 09-4466 consolidated with the instant action, that declaratory judgment action brought by ACL seeks to have the contracts between DRD and ACL voided *ab initio*.

II. Contentions of Movant

Tintomara contends the Court should (1) stay the declaratory judgment action until the limitation and interpleader actions are decided; (2) consolidate the declaratory judgment action, No. 09-4466 with the instant action for discovery and trial purposes; and (3) allow Tintomara to intervene in the declaratory judgment action. (Rec. Doc. No. 1056 at 13-14).

Respondent contends that the order restraining prosecution of claims in the instant action, Rec. Doc. No. 4 in Civil Action ("C.A.") No. 08-4261 since consolidated with the instant action, does not apply to its declaratory judgment action. Respondent contends that, as its declaratory judgment action seeks "to have the charters and the amendment voided *ab initio*" it thus "does not

2

arise out of the collision and oil spill on July 23, 2008 but rather out of [] fraudulent inducement . . . ." and is therefore not bound by the order restraining prosecution of claims in the instant action. (Rec. Doc. No. 1066 at 5).

Respondent also argues that prosecution of its declaratory judgment action "does not interfere" with the instant action and thus, Movant "is not entitled to a stay under 28 U.S.C. § 2361".[1] *Id*. at 6.

Respondent next contends that as there are no "material common question[s] of fact" between the declaratory judgment action and the instant action, they should not be consolidated. *Id*. at 9-11.

III. *Law and Analysis*

A. Standard of Review

1. Motion to Stay

The order of the Court restraining prosecution of other actions, signed by Judge Fallon on August 26, 2008, states in pertinent part:

> The further prosecution of any and all actions, suits, and proceedings already commenced, and the commencement or prosecution thereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or

---

[1] In a footnote, Respondent argues that its claims in C.A. No. 09-4466 "would not be subject to limitation" *assuming arguendo* they did relate to the "collision and oil spill" as one of the multiple charters Respondent seeks declared void "is a personal contract excluded from limitation." *Id*. n.3. Movant states the contracts at issue are not contracts subject to the personal contracts doctrine as "ACL is not trying to recover under the contract. . . . it is attempting to void the contract." (Rec. Doc. No. 1056-1 at 8, n.12).

>proceedings against D.R.D. Towing Company, L.L.C. and the M/V MEL OLIVER, or their underwriters, or against any property of such parties, except in this action, to recover damages for or in respect of any loss of life, injury , loss, destruction, and/or damages caused by or resulting out of the incident which occurred on July 23, 2008, as more fully described in the *Complaint-in-Limitation*, be and they are hereby restrained, stayed, and enjoined until the hearing and determination of this action . . . .

Consolidated Civil Action No. 08-4261 at Rec. Doc. No. 4 at 3.

Movant contends that ACL's declaratory judgment action is an attempt to "circumvent the limitation stay, and the resolution of the issue in the limitation action, and seeks to deny all parties other than D.R.D. an opportunity to be heard and to submit evidence on the issue." (Rec. Doc. No. 1056-1 at 7). Movant submits that, because the indemnity and subrogation clauses in the applicable contracts leave DRD without claim against ACL, barring the voiding of those clauses, ACL's bringing a declaratory judgment action is further proof of its attempts at circumvention of the above quoted stay. *Id*.

ACL contends its declaratory judgment action seeks only a declaration that its contracts with DRD are null *ab initio* due to fraudulent inducement to enter the "Bareboat Charter and Fully Found Charter [and] . . . the amendment to those charters . . . ." (Rec. Doc. No. 1066 at 5). ACL also argues that Tintomara interests "are not entitled to as stay under 28 U.S.C. 2361". *Id*. at 6. Title 28 U.S.C. § 2361 states in pertinent part

>In any civil action of interpleader or in the nature of

> interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

The effect of failing to stay the declaratory judgment action and allowing both to proceed separately would undoubtedly affect property involved in the interpleader action, 08-4007. The declaratory judgment action would address issues involving the contractual relationship between ACL and DRD which would necessarily bear on the instant action. Thus, the declaratory judgment action should be stayed pending resolution of the instant action.

2. <u>Motion to Consolidate</u>

Respondents rightly point out that the Magistrate Judge found that DRD's crewing practices and ACL's knowledge thereof were "common question[s] of fact" but submit that "this does not create a **material** common question of fact" between the two actions. (Rec. Doc. No. 1066 at 10) (emphasis in original). However, the opinion in Civil Action No. 09-4466 at Rec. Doc. No. 69 denying ACL's Motion for Partial Summary Judgment, found summary judgment was precluded by material facts concerning DRD's alleged intent to deceive ACL regarding the illegality of its practices, including its crewing practices.

ACL next states that Tintomara's contention that ACL was

5

"guilty of negligence in entrusting the Mel Oliver to DRD . . . is [ir]relevant to the resolution of" Civil Action No. 09-4466. (Rec. Doc. No. 1066 at 13). ACL does not address the relationship between the material issue of fact regarding knowledge of the illegality of DRD's staffing practices and any ultimate finding that ACL negligently entrusted the Mel Oliver to DRD.

Respondent contends that, even if there exist common questions of law or fact, consolidation being a matter left to this Court's discretion, should not be ordered as there would exist a "serious risk of prejudice and possible confusion" in Civil Action No. 09-4466. (Rec. Doc. No. 1066 at 12). However, respondent presents no valid argument to support this contention. Respondent admits, however that consolidation "is not likely to [result in] any substantial reduction in the burden on the parties, witnesses or the Court . . . ." *Id*. at 13. It is noteworthy that Respondent does not state that consolidation would increase the burden on either the parties or the Court.[2]

Rule 42 of the Federal Rules of Civil Procedure states, in pertinent part "(a) Consolidation. If actions before the court involve a common question of law or fact, the court may: (2) consolidate the actions". It is clear that the instant action and

---

[2]Interestingly, after accurately stating that Movant argues ACL instituted the nullification action to allow ACL to seek reimbursement from the National Pollution Fund as such reimbursement would not be available were ACL in privity of contract with any party found liable, and without denying that contention, ACL simply states its motivation is irrelevant. (Rec. Doc. No. 1066 at 8).

the declaratory judgment action involve common questions of law or fact and that consolidation of these actions is merited and will aid in the speedy resolution of the disputes.

    3.    <u>Permissive Intervention</u>

To decide whether to grant Tintomara's "re-urg[ed]" motion for permissive intervention, the Court must determine whether the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R.Civ.P. 24(b)(1)(B). Permissive intervention "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv., Inc.*, 732 F.2d at 471 (quoting 7C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1913 (3d ed. 2009)).

In acting on a request for permissive intervention, Courts consider "whether the intervenor['s] interests are adequately represented by other parties, and whether [it] "will significantly contribute to full development of the underlying factual issues in the suit." Id. at 472 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). "Also relevant is the nature and extent of the intervenor's interest and [its] standing to raise relevant legal issues." *Petromixtec S.A. v. Nat'l Ry.Equip. Co.*, No. Civ.A. 99-2866, 2001 WL 515237, at *3 (E.D. La. May 15, 2001).

Movant here "re-urges" a motion to intervene filed in Civil Action No. 09-4466 which the Magistrate Judge denied at Rec. Doc. No. 17 in that action. On January 7, 2010, at Rec. Doc. No. 29, this Court denied the motion to appeal that ruling "without prejudice to re-urge" if the action proceeded without the then potential Fifth Amendment privilege objections due to corollary criminal proceedings that are now, no longer relevant. As the declaratory judgment action is hereby consolidated and stayed pending resolution of the instant actions, the request for permissive intervention may be denied without prejudice to reurge following the lift of the stay.

New Orleans, Louisiana, this 22ND day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE